McCormick and another, Appellants, vs. Ryan and another, Respondents.

*February 27 — March 20, 1900.*

*Executions: Limitations: Judgments transcripted from justices' courts.*

Sec. 2968, Stats. 1898 (providing that execution shall not be issued upon any judgment after twenty years from its rendition), and sec. 2900 (providing that execution on a judgment transcripted from justice's court shall not issue after the period of the lien thereof on real estate, viz. ten years from the date of rendition) are not in conflict and both must be enforced.

Appeal from a judgment of the circuit court for La Fayette county: Geo. Clementson, Circuit Judge. *Affirmed.*

Upon an affidavit complying with sec. 2968, Stats. 1898, showing the whole amount to be unsatisfied, the circuit court, on October 20, 1898, refused leave for execution upon a judgment of a justice of the peace dated January 19, 1881, and duly transcripted and docketed to the circuit court. From such order the plaintiffs appeal.

For the appellants there were briefs by *Bushnell, Watkins & Moses*, and oral argument by *A. R. Bushnell*.

For the respondents the cause was submitted on the brief of *Edwin T. Morrison*.

Dodge, J.   Sec. 2968, Stats. 1898, contains the provision: " In no case shall an execution be issued or any proceedings had upon any judgment after twenty years from the time of the rendition thereof." Sec. 2900, regulating the docket-

VOL. 106 — 14

ing of judgments upon transcripts from justices of the peace, provides: "No action can be brought upon the same as a judgment of such [circuit] court, nor execution issued thereon, after the expiration of the period of the lien thereof on real estate provided by section 2902;" viz. ten years from the date of rendition. Appellants' contention is that because sec. 2968 does not prohibit issue of execution until twenty years, therefore there is conflict between the two sections above referred to, and sec. 2968 should control. The vice in this argument is that no conflict exists. It is entirely consistent with the prohibition of sec. 2968 against issuing execution on *any* judgment after twenty years to provide by sec. 2900 that none shall issue after ten years on judgments transcripted from justice's court. Sec. 2900 does not take away any right or privilege granted or assured by sec. 2968. That statute is negative, and prohibits rights after twenty years, but does not confer any during that period. The two statutes can perfectly well stand and be enforced together according to their exact words, and therefore they must be. *Att'y Gen. ex rel. Taylor v. Brown,* 1 Wis. 513.

*By the Court.*— Judgment affirmed.